RILEY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Appellants.

**St. Louis Court of Appeals, April 2, 1907.**

1. **PRACTICE: Failure of Proof: Evidence.** In an action for damages against a railroad company where the petition charged the damage was caused by defendant's servants in negligently setting fire to grass and brush along the right of way whence the fire spread to plaintiff's property, this was a statement of a cause of action for negligence at common law and under it evidence was inadmissible to show that the fire was caused by sparks from one of the defendant's engines whereby it incurred a statutory liability.

2. ———: **Amendments: Distinct Cause of Action.** Where an action was brought against a railroad company for a common law liability in negligently setting fire to the grass and brush along the defendant's right of way, it was error after the evidence was in to permit an amendment of the plaintiff's petition by alleging a statutory liability in that the fire was kindled by sparks from the defendant's engine.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*L. F. Parker* and *Moses Whybark* for appellants.

(1) This amendment changed plaintiff's cause of action from a common law action of negligence to a suit under section 1111, Revised Statutes 1899. The amendment substituted a different cause of action from that stated in the original petition; this was done after the close of all the testimony in the case and is not permissible. The amendment was a departure. R. S. 1899, sec. 1111; Pruett v. Warren, 71 Mo. App. 84; Slaughter v. Davenport, 151 Mo. 26; Schwab Clothing v. Railroad, 71 Mo. App. 241; Scoville v. Glassner, 79 Mo. 449; Leise v. M'yer, 143 Mo. 547; Purdy v. Pfaff, 104 Mo. App. 331. (2) This is not a variance, but a failure of proof under the statute. R. S. 1899, sec. 798; R. S. 1899, secs. 655, 656; Link v. Vaughn, 17 Mo. 585; Beck v. Ferrara, 19 Mo. 30; Ramming v. Railroad, 157 Mo. 506.

*J. V. Conran* for respondent.

GOODE, J.—This case was instituted to recover damages entailed by the destruction of plaintiff's fence and crops by a fire. The evidence proved no damage except to fences and the jury were not authorized to return a verdict for anything else. The allegation of negligence is that the "servants, agents and employees, did negligently set fire to brush and grass on the right of way of defendants' said railroad; that the said fire did extend from the said right of way to the premises of plaintiff and did destroy the fences and the crops thereon," etc. It will be observed the allegation does not say whose servants negligently set the fire, nor is there any other averment to help that omission in the one quoted.

Plaintiff was allowed, over the objection of defendants, to make out her case by testimony that sparks escaped from the engines of the defendant railroad companies and set fire to grass and brush along the right of way about the time the fire in question occurred. In fact, if any of the evidence in the record tends to prove the companies were responsible for the fire in any way, it is the part going to show sparks from a locomotive set out the fire. The evidence to show this is very weak; and there is literally none in the record to support the averment that servants of the defendants negligently set fire to brush on the right of way, and in consequence the fire extended to plaintiff's fences. At the conclusion of the evidence, after plaintiff had declined to tender any instructions, and after defendants had offered some, plaintiff was permitted to amend her petition by changing the quoted averment so as to read: "The servants, agents and employees of defendant did set fire to brush and grass on the right of way of defendant's said railroad, from fire from locomotives; that the said fire did extend from the right of way of the defendant to the premises of plaintiff and did destroy the fences and crops thereon," etc. This amendment was permitted against the objection of defendants. Thereupon plaintiff requested an instruction and the court gave it, telling the jury that if the loss of plaintiff's fences was caused by fire communicated directly or indirectly from defendant's engines, the verdict should be for plaintiff for the value of the fences. The judgment in this case cannot stand. After the issues framed by the pleadings had been tried, plaintiff was permitted to recover on an issue not tried and entirely distinct from the one tendered in her petition. If the original petition stated a cause of action, it was one at common law, the gravamen of which was the negligence of defendants' servants; that they negligently set fire to grass and brush on the right of way, and the flames spread to plaintiff's fences. The

success of such a case depended on proof of negligence and that was the issue to be tried. After the evidence was in an amendment was permitted importing an absolute liability, without regard to negligence, if the fire was kindled by sparks from an engine. The court ruled erroneously throughout. It erred in admitting the testimony that the fire was communicated from an engine. This testimony should have been excluded and the evidence kept within the issues. It was error to permit an entirely different cause of action to be created by an amendment at the close of the case and to instruct for a recovery on this cause of action.

The judgment is reversed and the cause remanded. All concur.